

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,861-01

### EX PARTE ALAN QUAN TONG, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-08-08611-CR(1) IN THE 410TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

***Per curiam.***

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pled guilty, under a plea agreement, to possessing lysergic acid diethylamide ("LSD") and was sentenced to 180 days in the State Jail.

Applicant contends that his plea was involuntary because, after he pled guilty, the evidence was tested and found not to contain any unlawful substance.[1] Although Applicant has discharged

---

[1] According to lab testing, the substance Applicant possessed was 4-iodo-2, 5-dimethoxy -N-[(2-methoxyphenyl) methyl]-benzeneethanamine ("251-NBOMe"). This substance was made unlawful to possess in this State as of September 1, 2015. TEX. HEALTH AND SAFETY CODE § 481.1021. Applicant's arrest and prosecution was in 2012.

his sentence, he alleges he is suffering continuing consequences as a result of this conviction. Those continuing consequences are sufficient to allow this Court to address his claims. *Ex parte Harrington*, 310 S.W.3d 452, 456-57 (Tex. Crim. App. 2010).

The parties have entered agreed findings of fact and conclusions of law, and the trial court has determined that Applicant's decision to plead guilty was not knowing and voluntary. Applicant is entitled to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. 12-08-08611-CR in the 410th District Court of Montgomery County is set aside, and Applicant is remanded to the custody of the Sheriff of Montgomery County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 28, 2015
Do not publish